**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| JAMES EDWARD MONTGOMERY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 17-CV-0445-CVE-JFJ |
| | ) | |
| SCOTT CROW, Director, | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

This administratively closed habeas action is before the Court on two motions filed by

petitioner James Montgomery: a motion to reopen (Dkt. # 42) and a motion for leave to amend (Dkt.

# 43). Respondent Scott Crow does not object to reopening this case, but he opposes Montgomery's

request for leave to amend the petition for writ of habeas corpus (Dkt. # 1) to add a new claim. Dkt.

# 45. The Court grants Montgomery's unopposed motion to reopen this case, directs the Clerk of

Court to return this case to the Court's active docket and to reinstate the petition for writ of habeas

corpus (Dkt. # 1), and lifts the previously-imposed stay. However, having considered the motion

for leave to amend, Crow's response (Dkt. # 45) in opposition to that motion, and Montgomery's

reply briefs (Dkt. ## 46, 47),[1] the Court denies the motion for leave to amend.

---

[1]     This Court's local civil rules do not permit the filing of two reply briefs and the second reply
brief is untimely. LCvR 7-1(f). Nonetheless, this Court exercises its discretion to waive the
requirements of LCvR 7-1(f) and considers Montgomery's arguments in both reply briefs.
See LCvR 1-2(c) ("The trial judge has discretion in any civil or criminal case to waive,
supplement, or modify any requirement of these local rules when the administration of justice
requires.").

## I.     Relevant procedural background

Montgomery seeks federal habeas relief, under 28 U.S.C. § 2254, from the judgment entered against him in the District Court of Tulsa County, Case No. CF-2007-4506.  In the petition, Montgomery raises five claims, all of which are timely, under 28 U.S.C. § 2244(d)(1)(A), and he exhausted available state remedies as to all five claims before filing the petition, as required by 28 U.S.C. § 2254(b)(1).  Dkt. # 1; Dkt. # 15, at 2.[2]

By order (Dkt. # 26) filed August 27, 2020, the Court granted Montgomery's unopposed motion to stay this habeas proceeding so that he could exhaust available state remedies as to a new claim that, in light of McGirt v. Oklahoma, 140 S. Ct. 2452 (2020), the trial court lacked jurisdiction over his criminal prosecution.[3]  The Court noted in its order that Crow did not oppose a stay but that Crow also "acknowledge[d] that any future request from petitioner to amend his habeas petition to add a McGirt claim may ultimately prove futile because that claim likely would be untimely under 28 U.S.C. § 2244(d)(1)."  Dkt. # 26, at 2.  In the same order, the Court ordered the case administratively closed and directed Montgomery to promptly exhaust available state remedies as to his McGirt claim, to keep the Court apprised of his progress in state court, and to file motions seeking to reopen this case and seeking leave to amend his petition no later than 21 days after the

---

[2]     The Court's record citations refer to the CM/ECF header pagination.

[3]     In McGirt, the Supreme Court determined that Congress did not disestablish the historical boundaries of the Muscogee (Creek) Nation Reservation, that the land within those boundaries is thus "Indian country" as defined in 18 U.S.C. § 1151(a), and that, as a result, federal law requires that certain crimes committed by or against Native Americans within the boundaries of that reservation must be prosecuted in federal court.  140 S. Ct. 2462-68, 2479.

Oklahoma Court of Criminal Appeals (OCCA) issued a final decision, if the OCCA denied relief

on his McGirt claim.  Dkt. # 26, at 3-5.

Montgomery followed these directives and, in an order signed on May 27, 2021, and filed

on June 11, 2021, the state district court granted Montgomery's application for postconviction relief.

Dkt. # 45-6.  The state district court found, based on the parties' stipulations, that (1) Montgomery

"has some Indian blood," (2) Montgomery "is an enrolled member of the federally recognized

Muscogee (Creek) Nation, and was enrolled prior to the date of his offense," and (3) the crimes for

which Montgomery was convicted "were alleged to have been committed within the historical

boundaries of the Creek Reservation."  Dkt. # 45-6, at 1-2.  Based on those factual findings, the state

district court concluded that (1) Montgomery is "Indian" under the two-part test outlined in United

States v. Prentiss, 273 F.3d 1277 (10th Cir. 2001), (2) his crimes occurred in Indian Country under

McGirt, (3) the state's procedural-bar arguments were overruled because, under state law, issues of

subject-matter jurisdiction could not be waived, and (4) the state district court's otherwise unlimited

subject-matter jurisdiction was "preempted by 18 U.S.C. §§ 1151-1153."  Dkt. # 45-6, at 2.  The

state district court therefore granted Montgomery's application for postconviction relief, vacated his

judgment, and dismissed Tulsa County District Court Case No. CF-2007-4506 for lack of subject-

matter jurisdiction.  Dkt. # 45-6, at 2.

On June 11, 2021, the State of Oklahoma ("the state") filed a notice of postconviction appeal

and a motion to stay execution of the state district court's order granting Montgomery's application

for postconviction relief.  Dkt. ## 29, 35-2, 35-3.  The state district court granted the state's motion

and, on June 11, 2021, entered an order staying execution of its May 27, 2021, order pending the

outcome of the state's appeal.  Dkt. # 45-7.[4]

On October 18, 2021, the OCCA issued an order lifting the stay, reversing the state district

court's order, and remanding the case for further proceedings.  Dkt. # 44, at 4.  The OCCA based the

reversal on its decision in State ex rel. Matloff v. Wallace, 497 P.3d 686 (Okla. Crim. App. 2021),

wherein the OCCA determined that the Supreme Court's decision in McGirt announced "a new

procedural rule, is not retroactive and does not void final state convictions."  Dkt. # 44, at 4.

Because Montgomery's conviction was final before McGirt was decided, the OCCA concluded that

Montgomery was not entitled to postconviction relief.  Dkt. # 44, at 4-5.

On December 2, 2021, the state district court issued an order, consistent with the OCCA's

mandate, denying Montgomery's application for postconviction relief.  State v. Montgomery, No.

CF-2007-4506,  https://oscn.net/dockets/GetCaseInformation.aspx?db=tulsa&number=CV-2007-

4506&cmid=2021524, last visited April 15, 2022.[5]

II.     **Discussion**

Citing the OCCA's final ruling denying relief on the McGirt claim, Montgomery seeks leave

to amend the petition to add the now exhausted McGirt claim.  Federal Rule of Civil Procedure 15

governs a party's request to amend a habeas petition.  See 28 U.S.C. § 2242 (providing habeas

petitions "may be amended or supplemented as provided in the rules of procedure applicable to civil

---

4       On June 14, 2021, three days after granting the stay of its May 27, 2021, order vacating
        Montgomery's convictions, the state district court nevertheless filed three judgments and
        sentences reflecting that his convictions have been vacated.  Dkt. # 45-2, at 22.

5       Neither party provided a copy of the state district court's order, but the Court takes judicial
        notice of the order that is posted on the publicly-available state court docket sheet.  FED. R.
        EVID. 201; Johnson v. Spencer, 950 F.3d 680, 705 (10th Cir. 2020).

actions"); see also Mayle v. Felix, 545 U.S. 644, 655-65 (2005) (discussing application of Rule 15

in habeas context); Postelle v. Carpenter, 901 F.3d 1202, 1225 (10th Cir. 2018) (same).  Under Rule

15(a)(2), a "court should freely give leave" to amend "when justice so requires."  Nonetheless, a

court may deny leave to amend if, among other reasons, the proposed amendment would be futile.

Stafford v. Saffle, 34 F.3d 1557, 1560 (10th Cir. 1994).

     Crow urges the Court to deny leave to amend, arguing that amendment would be futile

because the McGirt claim is untimely.  A state prisoner ordinarily has only one year to file a timely

federal habeas petition.  28 U.S.C. § 2244(d)(1).  The one-year limitation period begins to run "from

the latest of" the four following dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  Regardless of which date triggers the one-year limitation period, that

limitation period is tolled for "[t]he time during which a properly filed application for State post-

conviction or other collateral review with respect to the pertinent judgment or claim is pending."

28 U.S.C. § 2244(d)(2).

     Crow concedes that Montgomery's five original claims are timely under § 2244(d)(1)(A), but

contends that, even with the benefit of statutory tolling under 28 U.S.C. § 2244(d)(2) for the one-year

limitation period following the date Montgomery's conviction became final, Montgomery's

limitation period expired on August 2, 2017.  Dkt. # 45, at 3-4.  The Court agrees with that

assessment.[6]  When, as here, a state prisoner seeks leave to amend a timely-filed petition to add a

new claim after the expiration of the generally applicable one-year limitation period provided by

§ 2244(d)(1)(A), a court must consider (1) whether the new claim is timely under a different

provision of § 2244(d)(1)  and, if not, whether the new claim relates back to the original claims

under Rule 15(c).  Felix, 545 U.S. at 662-64; see also Prendergast v. Clements, 699 F.3d 1182,

1186-88 (10th Cir. 2012) (endorsing claim-by-claim approach to determine timeliness of claims

under § 2244(d)(1)).  Generally, an amendment to a pleading filed in a civil action can relate back

to the date the original pleading was filed if "the amendment asserts a claim or defense that arose

out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original

pleading."  FED. R. CIV. P. 15(c)(1)(B).  But the relation-back principle applies more narrowly in a

habeas action.  Felix, 545 U.S. at 656-64.  In the habeas context, "relation back depends on the

existence of a common 'core of operative facts' uniting the original and newly asserted claims."

Felix, 545 U.S. at 659.  Thus, "[a]n amended habeas petition . . . does not relate back (and, thereby

escape [§ 2244(d)(1)'s] one-year time limit) when it asserts a new ground for relief supported by

---

[6]     Applying § 2244(d)(1)(A), Montgomery's state-court judgment became final on June 24,
2010, when the time expired for him to seek further direct review of that judgment by filing
a petition for writ of certiorari in the United States Supreme Court.  Gonzalez v. Thaler, 565
U.S. 134, 150 (2012).  His one-year limitation period began the next day, June 25, 2010, and
ran for 273 days before he filed his first application for post conviction relief on March 25,
2011.  Dkt. # 45-2, at 19.  The limitation period began to run again on May 2, 2017, when
the OCCA affirmed the order denying Montgomery's first application for postconviction
relief.  Dkt. # 45-3.  Montgomery timely filed his petition in this Court on July 28, 2017, five
days before his one-year limitation period expired on August 2, 2017.  Dkt. # 1, at 131; see
Duncan v. Walker, 533 U.S. 167, 172-73 (2001) (holding that filing of federal habeas
petition does not toll the one-year limitation period under 28 U.S.C. § 2244(d)(2)).

facts that differ in both time and type from those the original pleading set forth." Felix, 545 U.S. at 650.

In response to Crow's position that the McGirt claim is untimely, and that it would thus be futile to amend the petition to add that claim, Montgomery argues (1) that the McGirt claim is timely under § 2244(d)(1)(D), Dkt. # 47, and (2) that the new claim relates back to the timely claims asserted in the petition under Rule 15(c), as interpreted in Felix, Dkt. # 46.[7]  Neither argument is persuasive.

**A.      Section 2244(d)(1)(D) does not apply.**

Montgomery contends that the McGirt claim is timely under § 2244(d)(1)(D).  Dkt. # 47. Under that provision, the one-year limitation period commences on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. § 2244(d)(1)(D).  Montgomery argues that "a new legal development pertaining to [his] state incarceration was discovered on July 9, 2020," when the McGirt Court held that the Muscogee (Creek) Nation Reservation was not disestablished and that "Indians arrested on the reservation could only be prosecuted in tribal or federal court."  Dkt. # 47, at 1-2.  He further argues that "[t]he actual or factual predicate of the [McGirt] claim is that [he] is a Muskogee [sic] Indian wrongly incarcerated by the state from a crime committed on the Muskogee [sic]

---

[7]      In his response to the motion to amend, Crow contends (1) that the McGirt claim is not timely under § 2244(d)(1)(A), (2) that the McGirt decision, issued on July 9, 2020, did not trigger a later commencement date for Montgomery's limitation period under § 2244(d)(1)(C), and (3) that Montgomery has not identified any circumstances that would support equitable tolling of the one-year limitation period.  Dkt. # 45, at 5-12.  The Court finds it unnecessary to address these contentions because Montgomery does not appear to disagree with any of them.  Dkt. ## 46, 47.  The Court thus limits its analysis to the two arguments that Montgomery advances to support his request for leave to amend.

Reservation." Dkt. # 47, at 3.  Thus, Montgomery argues, his one-year limitation period for filing

a timely McGirt claim commenced on July 9, 2020, the date McGirt was decided, because he could

not have discovered the factual predicate of his claim challenging the state's exercise of criminal

jurisdiction before that date.  Dkt. # 47, at 1-3.  He further argues that he diligently pursued this new

claim by requesting a stay of this proceeding in August 2020 and promptly exhausting available state

remedies by filing an application for postconviction relief in September 2020.  Dkt. # 47, at 2-3.

The record amply supports Montgomery's position that he diligently pursued his new claim

following his discovery of the McGirt decision.  But § 2244(d)(1)(D) does not provide Montgomery

a later commencement date as to the McGirt claim.  Even if the Court assumes without deciding that

the McGirt Court announced a "new fact" when it determined that Congress never disestablished the

historical boundaries of the Muscogee (Creek) Nation Reservation, this assumption would not

support application of § 2244(d)(1)(D).  This provision focuses on when a petitioner exercising

reasonable diligence "could have" discovered the factual predicate of his or her claim, not when a

specific petitioner actually discovered the factual predicate of his or her claim.  See Madrid v.

Wilson, 590 F. App'x 773, 776 (10th Cir. 2014) (unpublished)[8]  (explaining that §  2244(d)(1)(D)'s

reasonable-diligence requirement is "an 'objective standard' that refers to when a plaintiff 'could

have' discovered the pertinent facts, not when she actually discovered them" (quoting United States

v. Denny, 694 F.3d 1185, 1189 (10th Cir. 2012)).  And this Court has previously rejected the notion

that the facts necessary to assert a claim challenging the state's lack of criminal jurisdiction over

certain crimes committed by or against a Native American in Indian country were effectively

---

[8]     The Court cites this unpublished decision, and other unpublished decisions herein, as
        persuasive authority.  FED. R. APP. P. 32.1(a); 10th Cir. R. 32.1(A).

undiscoverable before McGirt was decided in July 2020.  See, e.g., Stiltner v. Nunn, No. 21-CV-0374-GKF-CDL, 2022 WL 951997, at *5 (N.D. Okla. Mar. 29, 2022) (unpublished) (concluding that "the decisions in McGirt and Murphy v. Royal, 875 F.3d 896 (10th Cir. 2017), aff'd sub nom. Sharp v. Murphy, 140 S. Ct. 2412 (2020), show that a reasonably diligent petitioner could have discovered the facts necessary to challenge Oklahoma's criminal jurisdiction before McGirt was decided in 2020" because the defendants in those cases challenged the state's criminal jurisdiction well before 2020); Dopp v. Martin, No. 18-CV-0152-CVE-FHM, 2018 WL 2750228, at *2 (N.D. Okla. June 7, 2018) (rejecting petitioner's argument that a reasonably diligent petitioner in his position could not have discovered the factual predicate of a claim challenging the state's exercise of criminal jurisdiction in Indian country before 2017 when the United States Court of Appeals for the Tenth Circuit issued its decision in Murphy and noting that petitioner's claim relied, in part, on a Tenth Circuit opinion issued in 1989 holding that the boundaries of the Seneca-Cayuga Tribe's reservation had not been disestablished).

Because a reasonably diligent petitioner could have discovered facts pertinent to a claim challenging Oklahoma's criminal jurisdiction regarding crimes committed within the boundaries of the Muscogee (Creek) Nation Reservation even before McGirt was decided in 2020, Montgomery has not shown that § 2244(d)(1)(D) provides him with a later commencement date for his one-year limitation period as to the newly-asserted McGirt claim.

**B.      The McGirt claim does not relate back to the original claims in the petition.**

Montgomery also contends that the McGirt claim relates back to the timely claims he asserts in the original petition.  Dkt. # 46.  Citing Felix, Montgomery argues that the McGirt claim "directly

ties into" the claims he asserts in the petition that allege "constitutional violations that occurred in his case." Dkt. # 46, at 3. The Court disagrees.

As previously discussed, the Felix Court held that Rule 15(c)'s relation-back principle applies differently in the habeas context. In light of § 2244(d)(1)'s one-year statute of limitations, the Felix Court expressly rejected the broad interpretation of Rule 15(c)'s phrase "arose out of the conduct, transaction, or occurrence" that Montgomery appears to rely on to support his position. See Dkt. # 46, at 3 (citing passage from Felix discussing the broad interpretation of Rule 15(c)'s relation-back principle adopted by a minority of circuit courts). The Felix Court reasoned that "[i]f claims asserted after the one-year period could be revived simply because they relate to the same trial, conviction, or sentence as a timely filed claim, [§ 2244(d)(1)'s one-year] limitation period would have slim significance." Felix, 545 U.S. at 662; see also Postelle, 901 F.3d at 1225 (noting that because "federal habeas law strictly limits the circumstances under which an amendment can relate back to the original petition filing," a proposed amendment can relate back "'*if and only if* . . . the proposed amendment does not seek to add a new claim or to insert a new theory into the case.'" (emphasis in original) (quoting United States v. Espinoza-Saenz, 235 F.3d 501, 505 (10th Cir. 2000))).

Here, through the new claim, Montgomery alleges that the state lacked jurisdiction over his criminal prosecution because he is Native American and he committed his crimes of conviction in Indian country and, thus, he was subject to federal prosecution under the Major Crimes Act, 18 U.S.C. § 1153. Dkt. # 43, at 43-48. In contrast, Montgomery's original claims allege (1) that the state did not present sufficient evidence at trial to establish his guilt beyond a reasonable doubt as to his conviction of maiming, (2) that his sentence was improperly enhanced on the basis of evidence

of a second prior felony conviction that the state did not allege or prove during his preliminary hearing, (3) that trial counsel provided ineffective assistance by failing to obtain an expert witness, failing to present evidence regarding the effects of PCP, and failing to object to the admission of evidence regarding the second prior felony conviction that was improperly used to enhance Montgomery's sentence,  (4) that prosecutorial misconduct during closing argument deprived him of a fair trial, and (5) that the trial court committed reversible error by refusing to define "intent" in response to the jury's request for a definition.  Dkt. # 1.

Because the newly-asserted McGirt claim relies on facts that differ in time and type from the facts alleged to support his original claims and seeks to insert a new theory to support his federal collateral attack on his state-court judgment, Montgomery cannot rely on Rule 15(c)'s relation-back provision to support his request to amend the petition to add the McGirt claim.

## III.    Conclusion

Based on the foregoing, the Court concludes that it would be futile to amend the petition to add the untimely McGirt claim that does not relate back to the original claims.  The Court therefore denies Montgomery's motion for leave to amend.  The Court will adjudicate the reinstated petition, as originally filed and briefed, in a separate opinion and order.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1.    Montgomery's motion to reopen (Dkt. # 42) is **granted**;

2.    the Clerk of Court **shall reopen** this case and **reinstate** the petition for writ of habeas corpus (Dkt. # 1);

3.    the stay in this case is **lifted**; and

4.    Montgomery's motion for leave to amend (Dkt. # 43) is **denied**.

**DATED** this 20th day of April, 2022.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE